UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES EASTRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-00113-TWP-WGH |
| | ) | |
| HARRISON COUNTY COMMISSIONERS, | ) | |
| JAMES GOLDMAN, CARL MATHES, | ) | |
| JIM KLINSTIVER, HARRISON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| MICHAEL DEATRICK, and | ) | |
| JAMES MABON, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment (Dkt. 9) filed by Defendants Harrison County Commissioners, James Goldman, Carl Mathes, Jim Klinstiver, the Harrison County Sheriff's Department, Michael Deatrick, and James Mabon (collectively, "Defendants"). Plaintiff James Eastridge ("Mr. Eastridge") filed a deliberate indifference claim against Defendants under 42 U.S.C. § 1983 ("§ 1983") alleging violations of the Eighth Amendment of the United States Constitution for failure to provide adequate medical care while he was incarcerated. For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED**.

### I. BACKGROUND

The material facts in this case are not in dispute. Mr. Eastridge was booked into the Harrison County Jail on November 6, 2009. As of the date of his booking, Mr. Eastridge was taking Haldol, Thorazine, Trazodone, and three other medications, which he had been prescribed prior to his incarceration. He indicated he had received psychiatric care in the past and suffered

from depression; however, he presented no related medical documentation to the jail personnel. Upon booking, Mr. Eastridge did not appear to be depressed, anxious, afraid, angry, or act in a strange manner, he reported that he was not a risk to himself or others, and did not complain of any other medical conditions.

On November 10, 2009, four days after being booked into the jail, Mr. Eastridge complained of a broken tooth and tooth pain, and noted in his complaint that his "medication was wrong." He was informed that because he came to the jail with dental problems, he would have to pre-pay for dental work. His medications were checked and no problems were found by the jail physician. Mr. Eastridge filed eight additional complaints about his tooth between November 15, 2009 and January 12, 2010. The jail staff responded to each of his complaints by informing him that he would have to pre-pay for dental treatment because the damage to his tooth occurred prior to his incarceration. They also repeatedly informed him that a dental appointment would be set up and that he could purchase products from the commissary for dental pain.

Mr. Eastridge also submitted several requests for "nerve medication" and additional antidepressants, even while still taking the medications he was prescribed prior to his incarceration. Following such a request on November 30, 2009, Mr. Eastridge was seen the next day by Nurse Practitioner, Layla Al-Shami. During the examination he again requested "nerve medication," but Ms. Al-Shami determined that he had a calm affect and no functional impairment. She noted that he was still taking Haldol, Cogetin and Thorazine. On December 9, 2009, Mr. Eastridge requested to see a psychiatrist, which was denied. Layla Al-Shami examined Mr. Eastridge again on December 19, 2009, where he continued to complain about his

broken tooth and tooth pain, requested to have his teeth pulled and to be given Trazodone,[1] a medication he was not previously prescribed. She also noted that he had no functional impairment related to his teeth. Mr. Eastridge was sent to an off-site dentist on January 12, 2010 to have his tooth removed, despite the fact that ordinarily a dentist is scheduled to come to the jail only once per month, and only when there were at least ten inmates on the list to see him.

On January 26, 2010, following a request by Mr. Eastridge, he was seen by Dr. Nadir Al-Shami ("Dr. Al-Shami"). Dr. Al-Shami examined Mr. Eastridge and ordered all of his medications be discontinued, and ordered medical staff to observe him and document any changes in his behavior. For six months after his medication was discontinued, Mr. Eastridge had no complaints regarding his medical care. In August 2010, Mr. Eastridge was again examined by Dr. Al-Shami and requested to be put back on his medication. Dr. Al-Shami determined that Mr. Eastridge had not gone through any behavioral changes so his request for psychological medication was denied. Mr. Eastridge made numerous additional requests over the next several months, including requests for extra blankets and mats, sleep medication and "nerve medication," to have the food port in his door remain open, for medical transcripts, for furlough, and other requests not related to his alleged medical problems. Mr. Eastridge was released on September 6, 2011, and filed this lawsuit on September 9, 2012.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d

---

[1] Trazodone is an antidepressant used to treat major depressive disorder. Drugs.com, http://www.drugs.com/trazodone.html (last visited January 13, 2013).

3

487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material facts . . . is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III. **DISCUSSION**

Mr. Eastridge does not dispute any of the facts as presented by the Defendants in his two-page response to Defendants' Motion for Summary Judgment (Dkt. 11). Thus, the Court need only determine whether the undisputed facts show that the Defendants are entitled to summary judgment. See Fed. R. Civ. P. 56(e)(3). The relevant facts that Mr. Eastridge does not dispute are that he arrived to the Harrison County Jail already having a broken tooth, he had no medical documentation regarding his various prescriptions for anxiety and post-traumatic stress disorder ("PTSD"), and he exhibited no signs of acute depression, anxiety, or strange behavior. The jail staff responded to each of his inmate sick call complaint forms regarding his tooth pain and requests for medication based upon the medical and professional judgment of the staff, just not

always to Mr. Eastridge's satisfaction. Mr. Eastridge was sent off-site to a dentist for the treatment of his tooth instead of being made to wait for the dentist to visit the jail as was standard procedure, and despite jail medical staff finding no acute distress or functional impairment. This occurred within two months of Mr. Eastridge being incarcerated.

Mr. Eastridge was seen by medical professionals at least four times prior to the discontinuation of his medication. Following several visits with medical staff, Dr. Al-Shami, in his professional judgment, decided to discontinue the medication that Mr. Eastridge had been taking prior to being incarcerated and ordered that he be observed. Mr. Eastridge had no complaints about his health for six months subsequent to the discontinuation of his medicine. Following that six-month time gap, Mr. Eastridge then began to request medication that was not provided by the jail staff, including sleep medication and "nerve medication," and he made requests such as receiving an extra mat and blanket and to have the food port in his door remain open, which were both denied pursuant to prison policy. In March 2011, he began to receive daily blood pressure checks until his mother requested that they be done less frequently because she could not afford to pay for the daily checks. Mr. Eastridge also was provided at least seven counseling sessions from June 20, 2011 to December 12, 2011.

These facts do not demonstrate that the Defendants treated Mr. Eastridge with deliberate indifference, and he has not satisfied the requirements for finding that a § 1983 violation occurred. In order for Mr. Eastridge to avoid summary judgment, the facts must show that "1) his condition was objectively serious, and 2) state officials acted with the 'requisite culpable state of mind, deliberate indifference,' which is a subjective standard." *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

First, the facts do not show that Mr. Eastridge's medical conditions were objectively serious. "A condition is objectively serious if 'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain,'" *Id.* (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Mr. Eastridge does not offer any argument or evidence that his broken tooth, PTSD, and anxiety were objectively serious, and the numerous medical checks he received while incarcerated show just the opposite. The medical records do not note any infection in the tooth nor was Mr. Eastridge prescribed antibiotics, which would typically be prescribed by jail physicians when infection is noted. While a broken tooth is no doubt painful, without more, the Court cannot find this a sufficiently serious medical condition that satisfies the objective element of deliberate indifference. Further, Mr. Eastridge had no complaints about his health for six months after seeing the dentist and after having his medication discontinued.

Second, even if the Court were to assume that Mr. Eastridge suffered from a serious medical condition, he does not provide any argument or evidence that state officials acted with a culpable state of mind or deliberate indifference. They responded to each of his sick call requests in a timely manner, he was given access to a medical doctor on numerous occasions, and he was added to the list to see the dentist after being in jail just two weeks and received treatment within two months. The mere fact that Mr. Eastridge disagreed with the jail staff's response to his requests for medical treatment does not by itself give rise to a deliberate indifference claim. *See Blankenship v. Obaisi*, 443 F. App'x 205, 208 (7th Cir. 2011) ("[The] unwillingness to accept the professional judgment of the physicians who treated him is not a basis for claiming deliberate indifference…."). Merely alleging that his medical care was not "adequate," which is the extent of his scant argument in his response brief, is not sufficient to

state a claim for deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference. . . . [T]he Eighth Amendment is not a vehicle for bringing claims for medical malpractice."). Because the facts do not support a finding that the Defendants were deliberately indifferent, they are entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Mr. Eastridge has failed to present any arguments or questions of material fact in support of his § 1983 deliberate indifference claim, and therefore Defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (Dkt. 9) is **GRANTED**, and Mr. Eastridge's claim is **DISMISSED**.

**SO ORDERED.**

Date: 01/17/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stanley E. Robison, Jr
flyfish@digicove.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP-New Albany
jlowe@k-glaw.com